NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK SKLADANY, | : | Civil Action No. 12-2497 (PGS) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| FRANK PROVANZANO et al., | : | |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff's motion for reconsideration, see Docket Entry No. 10, and it appearing that:

1. Plaintiff submitted a civil complaint ("Complaint") and his application to proceed in this matter in forma pauperis. See Docket Entries Nos. 1 and 1-1. The Court screened the Complaint and directed prejudicial dismissal of Plaintiff's claims against Defendants Provanzano, O'Neill, Kelly and a nurse identified as "Jane Doe," but directed service with regard to Plaintiff's claims against Defendants Barker and Muniz. See Docket Entries Nos. 5 and 6. The Clerk duly issued summonses and forwarded the applicable form to Plaintiff for the purpose of enabling service by U.S. Marshals. See Docket Entries Nos. 7 and 8.

2. Apparently disappointed with the outcome of this Court's sua sponte review of his Complaint, Plaintiff filed the motion at bar. See Docket Entry No. 10. In his motion, Plaintiff alleged that the Court's decision to dismiss his claims against Jane Doe should be vacated, and Plaintiff's challenges against her should proceed to service. See id.

3. In its dismissal of Plaintiff's claims against Doe, the Court detailed the basis for its determination as follows:

> Here, Plaintiff's allegations against Doe fail to state a cognizable claim. The one-day delay in being seen by a physician as a result of Doe's arrangement for Plaintiff's appointment with Dr. Barker [on the day following Plaintiff's visit with Doe] cannot, at a matter of law, amount to deliberate indifference: Doe had no right to administer medical assistance to Plaintiff if she did not know how to do it, and her decision to schedule Plaintiff's appointment next day could not trigger a claim of constitutional magnitude. See Gandy v. Correctional Medical Services, Inc., 2007 U.S. Dist. LEXIS 22872, at *5 (D.N.J. Mar. 29, 2007) ("Plaintiff would have the Court read broadly the proscription against delaying medical treatment for non-medical reasons. Prisoners are entitled to adequate care, not the best and most timely care possible, therefore the Court will not entertain the notion that any delay for non-medical reasons is constitutionally suspect") (citations omitted)). Therefore, Plaintiff's claims against Doe are subject to dismissal with prejudice.

Skladany v. Provanzano, 2012 U.S. Dist. LEXIS 76355, at *13 (D.N.J. May 31, 2012). Plaintiff now argues that his rights were violated because Plaintiff believes that, if Doe could not administer a medical treatment on her own, she should have sent Plaintiff for emergent treatment at a hospital right away rather than schedule a doctor appointment for the next day. See Docket Entry No. 10, at 1. However, as this Court already explained to Plaintiff, challenges raised under Section 1983 are cognizable only if they state a claim of constitutional magnitude, not merely an assertion which, theoretically, could give rise to a claim of state-tort negligence.[1]  Here, Plaintiff was playing basketball and injured his

---

[1] See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2002) (a defendant exhibits such deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety"). Mere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner, though, do not constitute deliberate indifference to serious medical needs. See Spruill v. Gillis, 372 F.3d 218, 235 (3d. Cir. 2004).

hand, causing an internal bone fracture within his hand, and that fracture resulted in a swelling that eventually, warranted application of a cast. See Provanzano, 2012 U.S. Dist. LEXIS 76355, at *2-4. While Plaintiff's injury might have caused him immediate pain and concern, his injury was not of a nature to place his life in danger unless he was immediately hospitalized. Correspondingly, Doe's act of scheduling Plaintiff's appointment with Dr. Barker for the next day could not have amounted to a violation of constitutional magnitude.

4. A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[2] and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving

---

[2] In the context of a motion to reconsider, the term "manifest injustice" "[generally means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that is, the need "to correct manifest errors of law or fact upon which the judgment was based." Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'" Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error." Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996).

    party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998).  In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration; such disagreement should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).[3]

5.    Here, Plaintiff's motion does not assert any facts warranting a substantive change in this Court's prior ruling: he points out no errors in either law or facts upon which the Court's decision was based, he does not offer any newly-discovered or previously unavailable evidence, no does he cite an intervening change in law.  While it is apparent that Plaintiff disagrees with this Court's conclusion that his challenges against Jane Doe failed to state a claim upon which relief can be granted in a Section 1983 action, his remedy is appeal, not a motion for reconsideration. See Assisted Living, 996 F. Supp. at 442.

---

[3]  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").

IT IS, therefore, on this 27th day of November, 2012,

ORDERED that Plaintiff's motions, Docket Entry No. 10, is granted in form and denied in substance;[4] and it is further

ORDERED that this Court's prior ruling, Docket Entry No. 6, shall remain in full force with regard to all Plaintiff's claims; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

[4] The Court of Appeals has held that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits rather than the mere procedural propriety or lack thereof - of that motion. See Pena-Ruiz v. Solorzano, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008). However, the very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical - either in its rationale or in its outcome, or in both regards - to the court's decision previously reached upon examination of the original application. See id.